```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
```

| | |
|---|---|
| MARVIN LEE VERMILLION, | ) |
| Petitioner, | ) CASE NO.   C07-1118-JLR-MJB |
| v. | ) |
| KAREN BRUNSON, | ) REPORT AND RECOMMENDATION |
| Respondent. | ) |

## INTRODUCTION

Petitioner Marvin Vermillion has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent has filed a motion to dismiss, raising the statute of limitations as a bar to the Court's consideration of petitioner's petition.  Petitioner has not filed a response to respondent's motion.  The undersigned recommends that the petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## BACKGROUND

The facts in this case were summarized by the Washington Court of Appeals as follows:

> The victim testified at trial that she was working in Seattle as a realtor in the summer of 1998.  She used advertisements that included her photograph.  Marvin Vermillion called her, identified himself as "Bill Bradley," and said he was a federal prosecutor who was relocating from Chicago.  The realtor arranged to meet him the following day.  She picked up Vermillion at the Westin Hotel, drove him to her office to look at listings, and took him to view several properties.
>
> The next day, they looked at more properties.  Vermillion said he wanted to revisit a condominium in West Seattle he had seen the previous day.  Inside the condominium, Vermillion called the realtor into the master bedroom and

REPORT AND RECOMMENDATION
PAGE 1

>suddenly started choking her. A struggle ensued. Vermillion punched the realtor, pushed his groin against her, and choked her into unconsciousness with his body lying on top of hers.
>
>The realtor's car, her brief case, her credit cards, personal checks and other items were missing when she regained consciousness. Following Vermillion's arrest for an alleged bank robbery, the realtor identified him as her attacker from a photo montage.
>
>The State went to trial against Vermillion on charges of one count each of assault, kidnapping, burglary and robbery in the first degree, with each count including an additional allegation of sexual motivation. A jury convicted Vermillion as charged. The court sentenced him, as a persistent offender, to life in prison without the possibility of parole.

(Dkt. No. 12, Ex. 2 at 1-2).

Petitioner appealed to the Washington Court of Appeals, which affirmed his conviction on April 21, 2003. (*Id*., Ex. 2). Petitioner sought discretionary review by the Washington Supreme Court which denied review on February 4, 2004. (*Id*., Ex. 4). While his direct appeal was pending, petitioner filed a personal restraint petition ("PRP"). The Washington Court of Appeals stayed the PRP until petitioner's direct appeal had been resolved. (*Id*., Ex. 10). Once his direct appeal had concluded, the state court dismissed petitioner's PRP on December 8, 2005. (*Id*., Ex. 11). On July 19, 2006, following denial of review by the Washington Supreme Court on March 8, 2006, (*Id*., Ex. 14), the Washington Court of Appeals issued a Certificate of Finality regarding the PRP. (*Id*., Ex. 15).

On July 15, 2007, the petitioner signed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254, (Dkt. No. 7) and under *Houston v. Lack*, 487 U.S. 266, 270 (1988), the petition is deemed to have been filed on that date. In screening the petition, the Court noticed that it may be untimely and directed petitioner to show cause why it should not be dismissed. (Dkt. No. 6). Petitioner responded to the Order to Show Cause and argued that the petition was timely because it had been filed within one year from the date of the Certificate of Finality, issued on July 19, 2006. (Dkt. No. 8 at 2). The Court accepted this argument on a preliminary basis only and directed respondent to file an answer. (Dkt. No. 9).

REPORT AND RECOMMENDATION
PAGE 2

On November 5, 2007, respondent filed a motion to dismiss the petition as untimely. (Dkt. No. 12). Petitioner has not filed a response to the motion, and the matter is now ready for review.

## DISCUSSION

Petitions filed pursuant to 28 U.S.C. § 2254 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, the one-year limitation period begins to run from the latest of four possible dates:

> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (emphasis added).

In addition, "a properly filed application for State post-conviction or other collateral review," such as a PRP in Washington state, will toll the statute of limitations. 28 U.S.C. § 2244(d)(2).

Here, petitioner's direct appeal concluded when the Washington Supreme Court denied petitioner's petition for discretionary review on February 4, 2004. (Dkt. No. 12, Ex. 4). However, on that date, petitioner's PRP was still pending in the state court. As "a properly filed application for State post-conviction" relief, petitioner's PRP tolled the statute of limitations until the Washington Supreme Court denied review on March 8, 2006. (*Id.*, Ex. 14). Thereafter the AEDPA statute of limitations expired on March 9, 2007. The instant petition was filed on July 15, 2007, approximately four months after the one-year period of limitations had expired.

REPORT AND RECOMMENDATION
PAGE 3

1    Although , petitioner argued in his response to the Court's Order to Show Cause that the
2 statute of limitations was tolled running until the Washington Court of Appeals issued its
3 Certificate of Finality on July 19, 2006, (Dkt. No. 12, Ex. 15), this argument is in error.  "[I]t is
4 the decision of the state appellate court, rather than the ministerial act of entry of the mandate,
5 that signals the conclusion of review." *White v. Klitzkie*, 281 F.3d 920, 923 (2002).  Here, the
6 issuance of the Certificate of Finality, like the issuance of a mandate, is merely a ministerial act
7 and it was the decision of the Washington Supreme Court denying review on March 8, 2006 that
8 signaled the conclusion of direct review.  *Id*.

9    Finally, the Court notes that neither petitioner's habeas petition nor his response to the
10 Order to Show Cause reveals any extraordinary circumstances that might qualify him for
11 equitable tolling of the statute of limitations.  *See Espinoza-Matthews v. California*, 432 F.3d
12 1021, 1026 (9th Cir. 2005).  In sum, petitioner's federal habeas petition is untimely, and
13 respondent's motion to dismiss the petition should be granted.

14                                            CONCLUSION

15    For the foregoing reasons, petitioner's habeas petition is barred by the applicable statute
16 of limitations and respondent's motion to dismiss should be granted.  A proposed Order is
17 attached.

18    DATED this 7th day of December, 2007.

                                                     MONICA J. BENTON
                                                     United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE 4